NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BOANERGES DE JESUS CORNEL,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   17-73328

Agency No. A075-623-241

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 19, 2019**

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Boanerges De Jesus Cornel, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We

review for abuse of discretion the denial of a motion to reopen. *Najmabadi v.

Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the

---

     *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

petition for review.

The BIA did not abuse its discretion in denying Cornel's untimely motion to reopen, where he failed to demonstrate prima facie eligibility for relief to qualify for an exception to the time limitation for motions to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 986 (the BIA can deny a motion to reopen for failure to establish prima facie eligibility for the relief sought). We reject Cornel's contention that the BIA did not properly consider his evidence.

We lack jurisdiction to consider Cornel's contentions regarding claims for relief that he did not present to the BIA in his motion to reopen. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below).

We also lack jurisdiction to consider Cornel's challenges to the BIA's 2014 order dismissing his appeal from an immigration judge's denial of asylum, withholding of removal, and relief under the Convention Against Torture because Cornel failed to file a timely petition for review as to that order. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."); *see also Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003) (30-day deadline is "mandatory and jurisdictional").

We do not address Cornel's due process contention. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) ("Issues raised in a brief that are not

supported by argument are deemed abandoned.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**